UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE,                                                                                       Civil Action No.:  1:24-cv-4075

                                    Plaintiff,

                    -against-                                                                 **COMPLAINT AND DEMAND FOR JURY TRIAL**

DECLYN WALLACE THORNTON LAUPER,

                                  Defendant.
------------------------------------------------------------------X

Plaintiff, JANE DOE (whose name is known but withheld due to the nature of the claims herein), by and through her attorneys, Mark David Shirian P.C., as and for her Complaint and Demand for Jury Trial, against Defendant, DECLYN WALLACE THORNTON LAUPER (hereinafter "Mr. Lauper" or "Defendant"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This firm, Mark David Shirian P.C., represents Plaintiff, JANE DOE (whose name is known but withheld due to the nature of the claims herein) (hereinafter "Plaintiff") in connection with her claims against Defendant Declyn Wallace Thornton Lauper.

2. Specifically, Plaintiff Jane Doe, alleges that the Defendant Declyn Wallace Thornton Lauper, negligently, wantonly, recklessly, intentionally, and knowingly sought to and did sexually assault and sexually abuse Plaintiff Jane Doe, in violation of the New York City's Victims of Gender-Motivated Violence Protection Law (Administrative Code of City of NY § 10-1101 et seq.; hereinafter the GMVA).

3. The emotional and psychological damage to Jane Doe from the attack cannot be overstated: it has been profound and lasting.

4. Jane Doe now brings this civil suit to recover compensatory, punitive, and emotional distress damages for this unconscionable, pernicious, and insidious sexual assault.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331 and 1332, insofar as there exists complete diversity of citizenship of the parties and the amount in controversy exclusive of interest and costs, exceeds $75,000.00.

6. At all times material hereto, Defendant is currently a resident of the State of New York and Plaintiff is presently a resident of a State other than New York.

7. Venue properly lies in the Southern District of New York is proper under 28 U.S.C. section 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claim took place within the Southern District of New York.

## PARTIES

8. Plaintiff, Jane Doe, is an adult female individual whose name and address are not contained in this Complaint to protect her privacy and identity, as she incurred injuries and damages of a sensitive nature as a result of the sexual abuse, and intentional acts by the Defendant as outlined below.

9. There exists good cause for Plaintiff to use a pseudonym due to the harmful effects the public disclosure of his identity would have because of the nature of the case, sexual abuse, which includes, (a) enhancing her already existing injuries by the stress and anxiety that surrounds public disclosure of having been sexually assaulted thereby exacerbating their mental injuries and emotional harms; (b) the subject of the lawsuit is humiliating, embarrassing and carries with it a negative stigma; (c) and having her name revealed will cause unwanted personal attention from the public at large. Plaintiff's undersigned counsel will provide the identity of Plaintiff to the Defendant.

10. As such, Defendant suffers no prejudice as a result of concealing Plaintiff's identity in the Complaint and Verification.

11. During all times relevant in this Complaint, Defendant Declyn Wallace Thornton Lauper, was and still is an individual and is a citizen of the United States of America. Defendant presently resides in the County of New York, State of New York.

12. Upon information and belief, Defendant presently resides at 19 Dutch Street, Apartment 56B, New York, New York 10038. In or around November 2020, Defendant resided at 72 Thompson St., Apt. PHD, New York, NY 10012.

## FACTUAL ALLEGATIONS

13. In or around the evening of November 9, 2020, Mr. Lauper invited Jane Doe to his apartment located at 72 Thompson Street, in the County of New York, City and State of New York.

14. Mr. Lauper then sent approximately sixty dollars ($60.00) to Jane Doe through the application "Cash App" for her to travel with a private car from her residence to Mr. Lauper's apartment.

15. Upon Jane Doe's arrival, Mr. Lauper seemed agitated. They both soon disagreed about a sexual act Mr. Lauper wanted Jane Doe to perform on him.

16. Jane Doe then insisted to leave Mr. Lauper's apartment because she did not feel comfortable.

17. However, in light of Jane Doe's clear desire to leave his apartment, Mr. Lauper took Jane Doe's cell phone into his possession in an attempt to prevent Jane Doe from leaving his apartment.

18. Jane Doe repeatedly asked for her cell phone back while Mr. Lauper threatened her that he would break her cell phone if she did not perform *fellatio* on him.

19. Mr. Lauper pushed Jane Doe onto his bed whenever she tried to exit his bedroom.

20. Upon the third time that Mr. Lauper pushed Jane Doe onto his bed, Mr. Lauper had his genitals exposed, and he held both of Jane Doe's arms down.

21. Jane Doe repeatedly told Mr. Lauper to let her get up because he was too strong, but he refused.

22. Mr. Lauper then proceeded to forcibly smother his genitals over Jane Doe's mouth, as Jane Doe warned him that she would bite him.

23. Jane Doe did not want to hurt Mr. Lauper so she gently placed her teeth on his genitals in an attempt to get him off of her.

24. After that, Mr. Lauper released Jane Doe's arms, and took his hand and pulled all of his body weight into Jane Doe's head and neck down onto his bed.

25. Jane Doe squirmed trying to get away, but she was unable to get up.

26. Upon information and belief, they both heard a pop sound from her neck and upper spine, at which time Mr. Lauper let her go.

27. Mr. Lauper began to yell "you see, I told you not to do that."

28. Mr. Lauper proceeded to refer to Jane Doe as a 'bitch' and 'nigga' and that no one would believe her if she ever repeated what had just transpired.

29. Jane Doe was desperate to leave Mr. Lauper's apartment so she took Mr. Lauper's cell phone in an attempt to get her cell phone back, but Mr. Lauper still refused to return her cell phone.

30. Jane Doe and Mr. Lauper ended up in his kitchen once Jane Doe suggested that they return each other's cell phones back at the same time.

31. Mr. Lauper finally returned Jane Doe her cell phone back, and then he demanded her to leave.

32. Once Jane Doe left Mr. Lauper's apartment, she soon realized that she had forgotten her cell phone charger in his kitchen, so she knocked on his door and asked for the charger.

33. Mr. Lauper opened the door and returned her phone charger.

34. While Jane Doe was in the building's lobby waiting for her ride share to pick her up, she received a phone call from Mr. Lauper saying that he was sorry for what he had just done to her.

35. This was the last time Jane Doe saw Mr. Lauper, as she was terrified of his presence.

36. Mr. Lauper tried to contact Jane Doe several times thereafter, but she refused to see him again.

### AS AND FOR COUNT ONE AGAINST DEFENDANT
### DECLYN WALLACE THORNTON LAUPER
**Violation of Violence Motivated by Gender –**
**New York City Victims of Gender-Motivated Violence Protection Act**
**N.Y.C. Admin Code § §8-901 et seq.**

37. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

38. The above-described conduct of Defendant Lauper, including, but not limited to, Defendant Lauper's sexual assault of Jane Doe constitutes a "crime of violence" and a "crime of violence motivated by gender" against Jane Doe as defined by the New York City Gender Motivated Violence Act.

39. The above-described conduct of Defendant Lauper, including, but not limited to, Defendant Lauper's sexual assault of Jane Doe, constitutes a "crime of violence" against Jane Doe motivated: (i) by her gender; (ii) on the basis of her gender; and/or (iii) due, at least in part, to an animus based on her gender.

40. Defendant's acts described above violate Section 8-904 of the New York City Administrative Code.

41. By sexually assaulting Plaintiff, by sexually abusing Plaintiff, and by forcing Plaintiff to give him oral sex, Defendant has engaged in crimes of violence as defined in the New York City Administrative Code §8-903. Specifically, upon information and belief, Defendant's actions of forcibly smothering his genitals over Jane Doe's mouth, constitutes a criminal sexual act in the third degree, a class E felony, in violation of N.Y. Penal Law §130.40.

42. Upon information and belief, Defendant Lauper committed a "crime of violence" against Jane Doe because she is a woman and, at least in part, because he has an unlawful animus towards women.

43. Upon information and belief, Defendant Lauper's gender-motivated animus towards women is demonstrated by, among other things, his sexually violent and abusive treatment of women.

44. As a direct and proximate result of the aforementioned gender-motivated violence, Jane Doe has sustained in the past and will continue to sustain, monetary damages, physical injury, pain and suffering, and serious psychological and emotional distress, entitling her to an award of compensatory damages.

45. Defendant Lauper's gender-motivated violence against Jane Doe entitles her to punitive damages and an award of attorneys' fees and costs.

46. Defendant's actions in violation of the New York City Victims of Gender-Motivated Violence Protection Act were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF ON CLAIMS**

WHEREFORE, Plaintiff prays that this Court enter judgement in her favor and against Defendant for the following relief:

A. An award of damages to be determined at trial to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her physical injuries, pain and suffering, emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering;

B. An award of punitive damages, in an amount to be determined at trial, sufficient to deter Defendant from engaging in future illegal and/or wrongful conduct;

C. An award of costs that Plaintiff incurred in this action, as well as her reasonable attorneys' fees, to the fullest extent by law;

D. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
May 28, 2024

Respectfully submitted,

**MARK DAVID SHIRIAN P.C.**

By: _____
Mark D. Shirian, Esq.

228 East 45th Street, Suite 1700-B
New York, New York 10017
Telephone: (212) 931-6530
Facsimile: (212) 898-0163
mshirian@shirianpc.com

*Counsel for Plaintiff*

## ATTORNEY'S VERIFICATION

**MARK D. SHIRIAN**, affirms and says:

1. I am a member of the firm of MARK DAVID SHIRIAN P.C., attorneys for Plaintiff.

2. I make this verification because Plaintiff resides in a county other than New York County, New York, in which my office is located.

3. I have read the foregoing Complaint and it is true to the best of my knowledge and belief, after reasonable inquiry.

Dated: New York, NY
       May 28, 2024

_____
**MARK D. SHIRIAN**