**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

JANE DOE,

Plaintiff,

-against-

DECLYN WALLACE THORNTON LAUPER,

Defendant.

---------------------------------------------------------------x

24-CV-4075 (OTW)

**OPINION AND ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

## I. INTRODUCTION

Before the Court is Declyn Thornton Lauper's ("Defendant") motion to dismiss on the basis that his possible liability in this action was discharged in bankruptcy pursuant to 11 U.S.C. § 727. (ECF 36). Plaintiff disagrees, arguing that liabilities for "for willful and malicious injury by the debtor" are presumptively not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(6). While a Bankruptcy Court could have held a hearing and determined that any debt related to this case should be excepted from the Defendant's bankruptcy discharge, Plaintiff's counsel did not request that the Bankruptcy Court do so or seek an extension of the deadline. Accordingly, no exception was made which would include any judgment the Court could now enter in this case. As a result, this case must be **DISMISSED WITH PREJUDICE**.

## II. APPLICABLE FACTUAL AND PROCEDURAL HISTORY

Jane Doe ("Plaintiff") commenced the instant action on May 28, 2024, alleging that Defendant sexually assaulted her and seeking compensatory and punitive damages as relief. (ECF 1).

Defendant subsequently filed for bankruptcy on January 30, 2025. (ECF 20; *In re Declyn Wallace Thornton Lauper*, 25-10178-pb (Bankr. S.D.N.Y. 2025). Defendant listed Plaintiff as a creditor on his bankruptcy petition and notified Plaintiff's counsel of the bankruptcy petition. (ECF Nos. 36-2 at 9; 36-3). As a result, this Court stayed this case pending a resolution of the bankruptcy petition. (ECF 21). On May 13, 2025, Defendant received a general discharge under 11 U.S.C. § 727 which, the Order explains, "[g]enerally … removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed." (ECF 23 at 1). Defendant subsequently sought dismissal of this case pursuant to the bankruptcy discharge. (ECF 33). Plaintiff did not stipulate to a dismissal. (ECF 35). Accordingly, the Court ordered Defendant to brief the motion to dismiss now before the Court. (ECF 36). Plaintiff filed opposition (ECF 37), and Defendant filed a reply. (ECF 38).

## III. LEGAL STANDARD

### A. A Bankruptcy Discharge Voids Any Future Judgment Related to Conduct Which Occurred Before the Date of the Bankruptcy Petition Unless the Debt is Otherwise Excluded from the Discharge

A bankruptcy discharge under 11 U.S.C. § 727 "…discharge[s] … all pre-bankruptcy debts (including any debts that were based on actions that pre-dated the bankruptcy) …" *In re Bagbag*, 595 B.R. 164, 169 (Bankr. S.D.N.Y. 2018). Such a discharge "applies to judgments entered at any time with respect to a discharged debt, including judgments entered after the discharge has been granted." *Id*. (citing 11 U.S.C. § 524[a]). There are 19 statutory exemptions for debts not dischargeable in bankruptcy including for debts resulting from "willful and malicious injury by the debtor…"11 U.S.C. § 523(a)(6). However, such discharge is not automatic.

In each case, creditor must seek an exception before a general discharge is ordered:

> "…the debtor shall be discharged from a debt of a kind specified in [11 U.S.C. § 523(a)(6], unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge." 11 U.S.C. § 523(c)(1) (emphasis added).

If they do not file a timely objection, a creditor may not later seek to do so. *See, e.g., In re Ramsoomair*, No. 21-11215 (DSJ), 2022 WL 828307, at *5 (Bankr. S.D.N.Y. Mar. 18, 2022) ("Nevertheless, when a party has had an opportunity to object to dischargeability and has failed to file a proper complaint within 60 days of the initial … creditors' meeting or timely sought an extension, the court should not grant an untimely motion for leave to file such a complaint."); *In re Fucilo*, No. 00-36261, 2002 WL 1008935, at *7 (Bankr. S.D.N.Y. Jan. 24, 2002) ("A complaint under sections 523(a)…(6)…must be filed within 60 days following the creditors' meeting; if not, then debts of those kind are discharged…. [t]herefore, if a creditor has any ground to except his debt from discharge under one of those subsections, he must file a timely complaint or forever lose his rights.") (citing *In re Taibbi,* 213 B.R. 261, 272–273 [Bankr.E.D.N.Y.1994]).

**B. The Court Loses Subject Matter Jurisdiction If It Can No Longer Grant Relief**

"Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases" and "Controversies." In our system of government, federal courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, (2013) (quoting *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341, [2006]). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting Murphy *v. Hunt,* 455 U.S. 478, 481, [1982]).

"When a case becomes moot, the federal courts “lack[ ] subject matter jurisdiction over the action.” *Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (citing *New York City Employees' Retirement Sys. v. Dole Food Co.,* 969 F.2d 1430, 1433 [2d Cir.1992]). A case must be dismissed under Fed. R. Civ. P. 12(b)(1) if a Court lacks subject matter jurisdiction, it cannot be waived. "To sustain jurisdiction, a dispute must not only be alive when filed, but throughout its pendency.” *Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025) (citations omitted).

## IV. DISCUSSION

### A. This Court Lacks Jurisdiction to Grant Exceptions to a Bankruptcy Discharge

As a threshold question, a District Court has no jurisdiction to determine that any debt resulting from Defendant’s conduct alleged in this action is exempt from a bankruptcy discharge. "[W]hether a claim is excepted from discharge under Section 523(a)(6)…is a matter solely within the jurisdiction of the Bankruptcy Court." *Casey v. Mohamed*, 323 B.R. 834, 836 (S.D.N.Y. 2005); *see also, Adam Glass Serv., Inc. v. Federated Dep't Stores, Inc.,* 173 B.R. 840, 843 (E.D.N.Y.1994) (“Bankruptcy courts have exclusive jurisdiction ... over those questions of dischargeability arising under subsection[ ] ... (6) of [11 U.S.C.] § 523(a).”

Plaintiff nevertheless contends that this Court has “concurrent” jurisdiction with the Bankruptcy Court to determine whether a liability is exempt from discharge under 11 U.S.C. § 523(a)(6). (ECF 37). Plaintiff cites to an unpublished state court Decision and Order, *Gleeson v. Phelan*, 2016 NY Slip Op 30993(U) (Sup. Ct. N.Y. County May 31, 2016), which is

confusing given that the *Gleeson* Court explicitly holds:

> …creditors must file a complaint in a Bankruptcy court within 60 days from the date first set for the meeting of creditors during Bankruptcy proceedings when allegations of Intentional Tort Debts are involved… [h]owever, when debtors fail to list or schedule debt, creditors are given the right to litigate the dischargeability of alleged Intentional Tort Debts outside of the prescribed time limits [unless] the creditor had notice or actual knowledge of the case, and did not timely act to preserve its rights..."

*Id.* at *2 (emphasis added). The persuasiveness of this authority notwithstanding, *Gleeson* defeats Plaintiff's argument. Defendant included Plaintiff as a creditor on his bankruptcy petition (ECF 36-2 at 9); Plaintiff's counsel indisputably was served with notice of the bankruptcy petition (ECF 36-3); and Plaintiff's counsel admits that he deliberately took no action in response. (ECF 37 at 4). The creditors' meeting occurred on May 2, 2025, meaning the deadline to file any complaint was July 1, 2025. (ECF 24). Therefore, such a complaint is now time barred. *See* 11 U.S.C. § 523(c); *see also* Fed. R. Bankr. P. 4007(c). Plaintiff's contention that 11 U.S.C. § 523(a)(6) creates a "presumption" that liability for the conduct alleged in this case is non-dischargeable is not supported by the plain language of the statute. Plaintiff must have made an affirmative request with 60 days of the creditors' meeting and the Bankruptcy Court must have held a hearing before a debt can be considered non-dischargable under 11 U.S.C. § 523(a)(6). *See* 11 U.S.C. § 523(c)(1). While Plaintiff's counsel may not practice bankruptcy law, nothing prohibited him from seeking to raise a timely objection with that Court, or, at a minimum, requesting an extension to allow Plaintiff to find other counsel. Because Plaintiff's counsel did not act to preserve Plaintiff's claim, it is too late to do so now,

and this Court has no power to grant any exception to the deadlines established by the Bankruptcy Court.

### B. Defendant's Discharge Renders This Action Moot Which Deprives the Court of Subject Matter Jurisdiction

Plaintiff alleges Defendant sexually assaulted her on or about November 9, 2020. (ECF 1 at 3). Defendant's discharge Order under 11 U.S.C. § 727 does not exclude any conduct occurring before the date Defendant filed his bankruptcy petition in January 2025. (ECF 36-1). Plaintiff only seeks money damages and there are no other Defendants. (ECF 1). Accordingly, any judgment the Court could enter in favor of Plaintiff in this case would be void. Since, the Court cannot grant Plaintiff any relief that she seeks, even if she prevailed, this case is moot. Because mootness deprives the Court of subject matter jurisdiction, this action must be dismissed. The Federal Rules of Civil Procedure afford no discretion to the Court to determine otherwise. Fed. R. Civ. P. 12(b)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action").

## V. CONCLUSION

Allegations involving sexual assault are serious and survivors deserve to be heard; however, because of Defendant's bankruptcy discharge, the Court no longer has subject matter jurisdiction to hear this case. Plaintiff's counsel knew about the bankruptcy petition and did not ask the Bankruptcy Court to exempt the Plaintiff's claim from Defendant's discharge Order or seek an extension of the deadline to do so. Now, the deadline has passed. Neither the Federal Rules of Bankruptcy Procedure or the Bankruptcy statutes permit this Court, or even the Bankruptcy Court itself, from extending that deadline if Plaintiff's counsel had notice of the creditors' meeting. Since this claim was not exempted in Defendant's bankruptcy discharge

Order, this Court can no longer enter any judgment against the Defendant and this case is mooted. Accordingly, this case must be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(3).

Plaintiff's counsel is directed to serve a copy of this Opinion and Order on Plaintiff before **October 27, 2025**, and file proof of service on the docket **redacting Plaintiff's name, address, and any other potential Personally Identifiable Information.**

The Clerk of Court is respectfully directed to enter final judgment consistent with this decision and then close the file.

**SO ORDERED.**

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: October 17, 2025
New York, New York